UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JULIUS JAMES LARRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV420-152 |
| ) | |
| DARRION MEYERS, ) | |
| ) | |
| Respondent. ) | |

## **REPORT AND RECOMMENDATION**

Convicted after a jury trial of trafficking cocaine, sale of cocaine, and possession of tools of a crime, Julius James Larry has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging various defects in his state criminal case. Doc. 1. For the following reasons, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, his petition should be **DISMISSED**.

## **BACKGROUND**

Larry was convicted by a jury in Chatham County Superior Court in November 2017 and sentenced to 30 years incarceration, 15 to serve. Doc. 1 at 1. He filed an appeal to the Georgia Court of Appeals on August 23, 2019, arguing that the state withheld exculpatory evidence, that the state deprived him of his right to face his accusers, that the indictment

1

was procedurally invalid, and that the trial court failed to properly instruct the jury. *Id*. at 2. His appeal was denied. *Id*. He then sought review in the Georgia Supreme Court on May 4th, 2020, which was also denied. *Id*. He has not filed any Georgia state habeas corpus petition. *Id*. at 3. His failure to first pursue the requested habeas relief in the Georgia state court system is fatal to his petition.

## ANALYSIS

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. *See* 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id*. at § 2254(c). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). "In

other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Turner v. Crosby*, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)). "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." *Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008).

Larry, by his own admission, has not exhausted his Georgia state remedies because he has not sought state habeas relief. Doc. 1 at 3. Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly, this petition should be **DISMISSED** without prejudice for lack of exhaustion.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. 2254

("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal in forma pauperis therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 9th day of June, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA