IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JULIUS JAMES LARRY,

    Petitioner,

v.

DARRION MEYERS,

    Respondent.

CIVIL ACTION NO.: 4:20-cv-152

**O R D E R**

Presently before the Court is *pro se* Petitioner Julius James Larry's Motion for Relief from Judgment or Order. (Doc. 6.) For the reasons explained below, the Court **DENIES** the Motion. (Id.)

On July 14, 2020, Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging various aspects of his state criminal case. (Doc. 1.) The Magistrate Judge reviewed the Petition and recommended that it be dismissed without prejudice for lack of exhaustion. (Doc. 3.) The Magistrate Judge explained that, while Petitioner had appealed his conviction to the Georgia Court of Appeals (which had denied relief) and he had sought review in the Georgia Supreme Court (which review was denied), he had not filed any state habeas corpus petition, and he had therefore not fully exhausted his state court remedies prior to seeking federal relief pursuant to Section 2254, as is required under federal law. (Id. at pp. 1–3.)

Petitioner did not file any objections to the Magistrate Judge's recommendation, and the Court entered an adoption order on September 1, 2021, (doc. 4). A judgment of dismissal without prejudice was entered and the case was closed on September 10, 2021. (Doc. 5.)

More than two years later, on September 28, 2023, Petitioner filed the Motion for Relief from Judgment or Order that is presently pending before the Court.  (Doc. 6.)  Therein, he states that he "has now resolved all state matters, exhausting all state remedies to afford the State an opportunity to resolve his clams." (Id. at pp. 1–2.)  He claims that the State denied his state habeas corpus petition and that the Georgia Supreme Court upheld the denial, and he attached supporting documentation.  (See generally id.)

In his Motion, Petitioner seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(6), which enumerates a limited set of circumstances in which a party may seek relief from a final judgment, order, or proceeding.  Rule 60(b)(6) is a "catchall" provision that authorizes relief based on "any other reason that justifies [it]."  Fed. R. Civ. P. 60(b)(6).  However, relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and a party seeking relief must show that, absent such relief, extreme and unexpected hardship will result.  Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted).

This case was dismissed without prejudice, affording the Petitioner the opportunity to exhaust his state remedies, which, in the Motion, he claims he has done.  Additionally, on March 4, 2024, (some five months after filing the Motion), Petitioner obtained an order from the Eleventh Circuit Court of Appeals stating that Petitioner had asked that court to authorize the district court to consider a second or successive petition for a writ of habeas corpus.  See In re: Julius Larry, No. 24-10432-D, doc. 2-2 at pp. 1–2 (11th Cir. Mar. 4, 2023).  In its order, the Eleventh Circuit panel explained that "the current proposed § 2254 petition is not second or successive within the meaning of [28 U.S.C.] § 2244(b)," and thus Petitioner did not need an order authorizing the district court

to consider such petition.  Id.  One month after the issuance of that appellate order, Petitioner initiated a new case in this Court by filing a § 2254 petition (which includes information and documentation concerning his state habeas corpus proceedings and the Eleventh Circuit ruling). See Larry v. Mims, No. 4:24-cv-66, doc. 1 (S.D. Ga. Apr. 4, 2024).

In light of the foregoing, Petitioner has failed to demonstrate appropriate circumstances—much less exceptional ones—justifying relief from the judgment in this case.  Petitioner has not shown any reason that hardship will result from the denial of his Motion.  Accordingly, the Court **DENIES** Petitioner's Motion for Relief from Judgment or Order, (doc. 6), and this case remains **CLOSED.**

**SO ORDERED**, this 19th day of April, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA